## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONWIDE MUTUAL, <br> INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LEANN M. BRIGGS, individually <br> and as Personal Representative of the <br> Estate of MELVIN L. BRIGGS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 11-CV-2119-JTM-DJW |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for a Protective Order Quashing the Deposition Subpoena/Notice of Shea Kimbrough ("Motion for Protective Order") (ECF No. 41). Plaintiff moves the Court for a Protective Order directing that the deposition of Kimbrough not be taken. The facts relevant to this Motion are as follows.

On October 19, 2011, Defendants provided Plaintiff with a Notice of Deposition (ECF No. 38) for Kimbrough's deposition to be taken on November 30, 2011. In response to this Notice, Plaintiff filed the currently pending Motion for Protective Order, arguing that Kimbrough's deposition should not be taken because Kimbrough had no input into the timing, delivery or contents of the non-renewal of an insurance policy that is at issue in this matter. For that reason, Plaintiff contends that Kimbrough's deposition is irrelevant, unduly burdensome and should be quashed under Fed. R. Civ. P. 26(c) and D. Kan. Rule 26.2. Defendants oppose this Motion for Protective Order, arguing that Plaintiff failed to make a reasonable effort to confer in good faith as required by Fed. R. Civ. P. 26(c). In the alternative, Defendants argue that Plaintiff's Motion should be denied because Plaintiff fails to show good cause that the protective

1

order should be granted.[1] Plaintiff did not certify in its initial Motion that there was good faith conferral or attempted good faith conferral regarding this dispute. Plaintiff's Reply On Its Motion for a Protective Order Quashing the Deposition Subpoena/Notice of Shea Kimbrough ("Reply") (ECF No. 45), however, alleges that Plaintiff and Defendants did confer. The Reply states that Plaintiff notified Defendants that they were unwilling to voluntarily produce Kimbrough for a deposition, and Defendants responded by saying that the issue of whether Kimbrough must be available for a deposition was something the Court would need to decide.

Fed. R. Civ. P. 26(c) requires that all motions for Rule 26(c) protective orders "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[2] The Court requires Rule 26 motions to "'describe with sufficient particularity the parties' efforts to resolve th[e] dispute' and show that the parties in good faith conversed, conferred, compared views, consulted and deliberated regarding the dispute or made a good faith attempt to do so."[3] In addition, D. Kan. Rule 37.2 provides in relevant part:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) . . . and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.[4]

---

[1] *See* ECF No. 44.
[2] Fed. R. Civ. P. 26(c)(1).
[3] *Norouzian v. Univ. of Kan. Hosp. Auth.*, No. 09-2391-KHV-DJW, 2010 U.S. Dist. LEXIS 99251, at *2 (D. Kan. Sept. 22, 2010) (citing *Fanning v. Sitton Motor Lines, Inc.*, No. 08-2464-JWL-DJW, 2009 U.S. Dist. LEXIS 47993, at *1 (D. Kan. June 8, 2009); *Semsroth v. City of Wichita,* No. 06-2376-KHV-DJW, 2007 U.S. Dist. LEXIS 99974, at *1 (D. Kan. Dec. 17, 2007)).

[4] *Fanning*, 2009 U.S. Dist. LEXIS 47993, at *2 (quoting D. Kan. Rule 37.2).

"'Reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[5]

The Court has reviewed Plaintiff's Motion, Defendants' response to the Motion, and Plaintiff's Reply. The Court finds that Plaintiff failed to include any certification that the parties conversed, compared views, deliberated, or consulted with one another, as required by the above-cited rules. Additionally, the Reply does not describe with sufficient particularity the parties' efforts to resolve this dispute before Plaintiff filed its Motion. Consequently, the Court cannot conclude that Plaintiff complied with Fed. R. Civ. P. 26(c) and D. Kan. Rule 37.2 by conversing, conferring, comparing views, consulting and deliberating regarding this dispute, or in good faith attempting to do so. Therefore, the Court will deny without prejudice the Plaintiff's Motion for Protective Order on grounds of failure to confer. Plaintiff may file another motion for a protective order within 20 days of the date of the filing of this Order.

Before filing another motion for a protective order, Plaintiff must make reasonable efforts to confer with Defendants regarding Kimbrough's deposition or a proposed agreed protective order. This means that Plaintiff must do more than send a letter to Defendants regarding the proposed protective order or simply make a phone call to confirm preconceived notions about the Defendants' position. Plaintiff must in good faith converse, confer, and compare views with Defendants in an attempt to reach an agreeable resolution of the dispute regarding Kimbrough's deposition. Counsel should also review The Sedona Conference Cooperation Proclamation to assist them in their efforts to reach an agreement.[6] This might include a stipulated protective order that limits the scope of the subject matter of her deposition. If the parties are able to reach an agreement, they may proceed to the deposition or submit the

---

[5] D. Kan. Rule 37.2.
[6] *See* http://www.thesedonaconference.org.

proposed agreed protective order to the Court via e-mail within 20 days of the date of the filing of this Order. If, however, the parties are unable to reach such an agreement, then within 20 days of the date of the filing of this Order, Plaintiff may file another motion for a protective order. Any proposed protective order submitted to the Court must comply with the Federal Rules of Civil Procedure, the District of Kansas Rules of Practice and Procedure and the Court's guidelines for such protective orders, which can be found on the court's Internet website at http://www.ksd.uscourts.gov/.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (ECF No. 41) is denied without prejudice. Plaintiff may file another motion for a protective order within 20 days of the date of the filing of this Order. Before filing another motion for a protective order, Plaintiff must make reasonable efforts to confer with Defendants regarding the disputed deposition. This means Plaintiff must in good faith converse, confer, and compare views with Defendants in an attempt to reach an agreement or agreed protective order. If the parties are still unable to reach an agreement, Plaintiff may submit a revised motion for protective order in compliance Fed. R. Civ. P. 26(c) and D. Kan. Rule 37.2.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 23rd day of November, 2011.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge
