**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 11-CV-2119-JTM-DJW |
| | ) | |
| LEANN M. BRIGGS, individually | ) | |
| and as Personal Representative of the | ) | |
| Estate of MELVIN L. BRIGGS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 15) on Nationwide Mutual Insurance Company's ("Nationwide") claim for a judgment declaring that Commercial Insurance Policy ACP BA 7290129992 ("Policy") terminated on September 3, 2008. For the reasons set forth below, the motion is granted.

**I.      Relevant Factual Background[1]**

The following material facts are uncontroverted and relevant to the Court's resolution of the pending motion. Plaintiff issued the Policy to Melvin Briggs, the owner of Briggs Sod Farm, in September 2007. The Policy covered several vehicles, including a 2002 Toyota Camry. By its terms, the Policy's purported effective dates were September 3, 2007, through September 3, 2008. On June 27, 2008, Plaintiff sent a Notice of Non-Renewal ("Notice") (ECF No. 16-2) to Briggs notifying him that the Policy would be allowed to expire, effective September 3, 2008, at 12:01 A.M. local time. The Notice also informed Briggs that the reason for non-renewal was

---

[1] In accordance with summary judgment procedures, the Court has set forth the material uncontroverted facts, and they are related in the light most favorable to the non-moving party.

loss history.  Finally, the Notice notified Briggs that Kansas law requires automobile liability insurance, set forth the potential penalties for failure to maintain liability insurance, and informed him of his potential eligibility for insurance under the Kansas automobile insurance plan.  Defendants attempt to controvert the contents of the Notice because Nationwide did not initially provide a supporting affidavit or authentication for it.  But because Nationwide's Reply included an affidavit (ECF No. 58-1) authenticating the Notice, its contents are adequately supported and thus uncontroverted.

On September 11, 2008, Briggs was injured in a car accident while riding as a passenger in the 2002 Toyota Camry.  Briggs later died from injuries he sustained in the accident.  The driver of the other vehicle was uninsured, and Defendants tried to claim uninsured motorist coverage under the Policy, which provided a $500,000 per accident limit for uninsured motorist coverage.  But Nationwide denied coverage under the Policy, relying on the Notice as an effective termination as of September 3, 2008.  Shortly thereafter, Nationwide initiated the present action, seeking a judgment under 28 U.S.C. § 2201 declaring that the Policy was effectively non-renewed on September 3, 2008.

## II.    Summary of the Parties' Arguments

Nationwide moves for summary judgment, arguing that the Notice was effective and allowed the insurance policy to expire as of September 3, 2008.  Nationwide argues that the Notice was effective because it complied with Kansas's statutory requirements for an effective non-renewal.  Because the Notice met all of the procedural requirements of Kansas law, was mailed to and received by Briggs, and contained the non-renewal language required by statute, Nationwide asserts that the non-renewal became effective on the date specified in the Notice. Nationwide argues further that any inquiry about the reason or motivation for the termination is

not relevant to determining whether the Notice was an effective non-renewal.  Although Kansas law only permits insurance policies to be non-renewed under certain limited circumstances, Nationwide asserts that such requirements can only be enforced by the Kansas State Insurance Commissioner's Office.

Alternatively, Nationwide argues that even if the Notice was ineffective to non-renew the policy, Defendants have waived their rights under the policy as the result of a lawsuit prosecuted in Johnson County, Kansas.  In the state court lawsuit, Defendants sued Briggs' former insurance agent, alleging that he negligently failed to obtain replacement insurance after Nationwide's cancellation.  Nationwide asserts that Defendants acknowledged the effective non-renewal in this action by alleging the negligent failure to maintain replacement insurance, which would have been unnecessary had the original insurance remained effective. Nationwide argues that the Johnson County lawsuit constitutes a positive act by which the Defendants affirmatively waived any rights that they have under the Policy.

Defendants argue that the Court should deny the motion for summary judgment because there is a dispute about material facts regarding Nationwide's underlying reason for non-renewing the Policy.  Nationwide notified Briggs that the Policy would not be renewed because of loss history on the policy.  Defendants contend that the alleged loss history does not constitute an adequate reason for non-renewing the policy under K.S.A. § 40-276a.  Although Nationwide claimed that loss history constitutes a valid reason for non-renewal under K.S.A. § 40-276a(b)(4), Defendants argue that Nationwide failed to prove by uncontroverted fact that the non-renewal was one authorized by Kansas law.  Defendants argue that a dispute of fact remains about the reason Nationwide refused to renew the Policy, and therefore, summary judgment is improper.  In conclusion, Defendants contend that Nationwide neither proved that the non-

renewal was effective as a matter of law nor that Nationwide was authorized to do so by uncontroverted evidence. Therefore, their argument proceeds, summary judgment should be denied for a trial to resolve the dispute of material fact regarding Nationwide's reason for non-renewal.

## III.   Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."[2] In applying this standard, the Court views all the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party.[3] A dispute is considered "genuine" if there "is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[4] An issue of fact is considered "material," if, under the substantive law, "it is essential to the proper disposition of the claim."[5]

In attempting to meet that standard, a moving party who will bear the ultimate burden of persuasion at trial must initially show both an absence of a genuine issue of material fact, as well as entitlement to judgment as a matter of law.[6] If the movant has the burden of proof on a claim or defense raised in a summary judgment motion, it must show that the undisputed facts establish

---

[2] Fed. R. Civ. P. 56(a).

[3] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[5] *Id.* (citing *Anderson*, 477 U.S. at 248).

[6] *Adler*, 144 F.3d at 670.

every element of the claim entitling it to judgment as a matter of law.[7]   Moreover, the moving party must show the absence of genuine issues of fact regarding each of the affirmative defenses specifically reserved by the non-moving party.[8]   "The party moving for summary judgment must establish its entitlement beyond a reasonable doubt."[9]

　　　If the moving party properly supports its motion, the burden shifts to the nonmoving party, "who may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."[10]   Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.[11]   A party opposing summary judgment "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."[12]   Put simply, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts."[13]

---

[7] *See e.g.*, *Conoco Inc. v. J.M. Huber Corp.*, 148 F. Supp. 2d 1157, 1165 (D. Kan. 2001); *United Mo. Bank of Kansas City v. Gagel*, 815 F. Supp. 387, 391 (D. Kan. 1993); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting) ("If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence - using any of the materials specified in Rule 56(c) that would entitle it to a directed verdict if not controverted at trial.").

[8] *Gagel*, 815 F. Supp. at 391.

[9] *Id.*

[10] *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir. 1993)

[11] *Liberty Lobby*, 477 U.S. at 250–51.

[12] *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988).

[13] *Matsushita*, 475 U.S. at 586–87.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible.[14]  For example, hearsay testimony that would be inadmissible at trial may not be included.[15]  Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(c)(4).[16]

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed 'to secure the just, speedy, and inexpensive determination of every action.'"[17]

## IV.    Discussion

Nationwide's Motion for Summary Judgment (ECF No. 15) turns on the legal effectiveness of the Notice sent to Briggs on June 27, 2008.  Because this matter is before this Court based solely on diversity jurisdiction, the parties' substantive legal dispute about the validity of the Notice is governed by Kansas law.[18]  Under Kansas law, the interpretation of an insurance policy as to the extent of its coverage and related statutory requirements are questions of law.[19]  The Court finds, as a matter of Kansas law and based upon the uncontroverted facts, that the Notice was effective to non-renew the Policy, effective September 3, 2008, and

---

[14] *See Thomas v. International Bus. Mach's.*, 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted).

[15] *Conoco*, 148 F. Supp. 2d at 1166.

[16] *See* Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1(d).

[17] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[18] *Flood v. ClearOne Commc'ns., Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).

[19] *See Cannon v. Farmers Ins., Co.*, 274 Kan. 166, 168 (2002).

accordingly, Nationwide is entitled to summary judgment on their request for a judgment declaring that the Policy was no longer in effect when the accident in question occurred.

1.      **Effectiveness of Notice**

Nationwide has established that the Policy was non-renewed on September 3, 2008, because the Notice mailed to and received by Briggs on June 27, 2008, was effective to non-renew the Policy.   K.S.A. § 40-3118(b) provides that a notice of non-renewal will not be effective "until at least 30 days after mailing a notice of termination, by certified or registered mail or United States post office certificate of mailing, to the named insured."[20]   In addition to providing notification of non-renewal, K.S.A. § 40-3118(b) provides:

> Time of the effective date and hour of termination stated in the notice shall become the end of the policy period. Every such notice of termination sent to the insured for any cause whatsoever shall include on the face of the notice a statement that financial security for every motor vehicle covered by the policy is required to be maintained continuously throughout the registration period, that the operation of any such motor vehicle without maintaining continuous financial security therefor is a class B misdemeanor and shall be subject to a fine of not less than $ 300 and not more than $ 1,000 and that the registration for any such motor vehicle for which continuous financial security is not provided is subject to suspension and the driver's license of the owner thereof is subject to suspension.[21]

Additionally, Kansas law requires that "[w]hen a policy of automobile liability insurance as defined in K.S.A. [§] 40-276 is . . . non-renewed . . . such insurer shall notify the named insured of his possible eligibility for such coverage through the Kansas automobile insurance plan."[22]

In addition to the statutory requirements, the Policy contained provisions that notified Briggs that Nationwide would mail written notice of non-renewal at least thirty days before the

---

[20] K.S.A. § 40-3118(b)

[21] *Id.*

[22] K.S.A. § 40-278.

end of the policy period.[23]  Furthermore, the Policy contained a paragraph for the non-renewal of any coverage not explicitly covered by the Policy's other provisions.  This paragraph provided that Nationwide would give sixty days' notice before non-renewing such a policy.  The Policy additionally stated that "[p]roof of mailing will be sufficient proof of notice."[24]

In sum, Kansas law requires that a notification of non-renewal convey to the insured that (1) automobile liability insurance must be maintained; (2) failure to maintain liability insurance for a vehicle that is operated will result in criminal penalties; and (3) the insured may be eligible for liability insurance through the Kansas automobile insurance plan.  The terms of the Policy essentially repeated these requirements before a notification of non-renewal would be given.  A notification must substantially comply with the statutory requirements, but verbatim language is not essential for an effective notification.[25]

The Notice Nationwide sent to Briggs on June 27, 2008, complies with the requirements in the Policy and relevant statutes.  The Notice was sent sixty-eight days before the non-renewal would become effective, and thus it satisfies the thirty-day notification requirement contained in K.S.A. § 40-3118(b) and the Policy.  Moreover, Nationwide provided more than sixty days of notification, clearly satisfying any additional notice requirements provided in the Policy.  The Notice similarly provided the language required by K.S.A. § 40-3118(b) that notifies the insured of the requirement that liability insurance be maintained at the risk of incurring the criminal penalties detailed in that statute.[26]  Finally, the Notice clearly sets out the insured's potential

---

[23] ECF No. 16-1.

[24] *Id.*

[25] *Kansas v. Adkins*, 24 Kan. App. 2d 337, 341 (1997).

[26] ECF No. 58-1.

qualification for the Kansas automobile liability insurance plan.[27]   The language in the Notice is essentially verbatim to the statutory language, but in any event, it clearly constitutes substantial compliance with the requirements as set forth in *Adkins*.

Although it is unclear whether Defendants dispute that Briggs received the Notice, receipt of the notice is immaterial under Kansas law.   The Kansas Supreme Court has unambiguously held that "for a motor vehicle liability insurance policy to be effectively terminated, the insurer need only mail notice of termination by certified or registered mail or United States Post Office certificate of mailing to the insured at the last address provided by the insured."[28] The court continued by noting that "[t]he statute clearly does not require the insurer to provide proof of actual receipt by the insured."[29]   Although *Feldt* dealt with the cancellation of an insurance policy, the court gave no indication that it would treat non-renewal differently. Moreover, the statute addresses "termination by failure to renew," and there is no reason for this Court to construe that language differently.   Accordingly, the Notice was valid to effect non-renewal on September 3, 2008, when it was mailed by Nationwide on June 27, 2008.

Because Nationwide complied with the timing, notification, and substantive requirements for non-renewal of an insurance policy, the Policy was validly non-renewed by the Notice, effective September 3, 2008.   Thus, as the movant, Nationwide has met their initial burden of showing the absence of material facts and entitlement to judgment as a matter of law.

---

[27] *Id.*

[28] *Feldt v. Union Ins. Co.*, 240 Kan. 108, 111 (1986).

[29] *Id.*

## 2.    Reason for Non-Renewal

Because Nationwide has met their initial burden, the burden now shifts to Defendants to set forth disputed material facts that preclude summary judgment.  Defendants' attempt to preclude summary judgment by asserting the existence of disputes as to material facts about Nationwide's reason for non-renewal is without merit.   Under K.S.A. § 40-276a, insurance companies are prohibited from non-renewing an insurance policy except in certain limited situations.  It is undisputed that the only statutory provision relevant to this non-renewal is K.S.A. § 40-276a(a)(4).   Section 40-276(a)(4) permits non-renewal only "when unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by the company at the initial issuance of the policy or the last renewal thereof."[30]   Defendants argue that there is a dispute as to facts about whether this provision of K.S.A. § 40-276a(a)(4) was satisfied by Nationwide.   But despite Defendants' assertion that a dispute about these facts exists, it is immaterial to the outcome of this matter. Accordingly, summary judgment is still proper.

Under K.S.A. § 40-2404(12), violations of K.S.A. § 40-276a are deemed "unfair or deceptive acts or practices in the business of insurance" and violations of the Kansas Uniform Trade Practices Act (KUTPA).[31]   The KUTPA contains "no language purporting to create a private cause of action."[32]   Further, the Commissioner of Insurance of the State of Kansas ("Commissioner") is charged with "the sole duty to enforce the act."[33]   Consequently, factual

---

[30] K.S.A. § 40-276a(a)(4).

[31] K.S.A. § 40-2404.

[32] *Earth Scientists (Petro Servs.) Ltd. v. U.S. Fid. & Guar. Co.*, 619 F. Supp. 1465, 1469 (D. Kan. 1985).

[33] *Id.* at 1468.

disputes about alleged violations of K.S.A. § 40-276a are not material to the present action.  In the posture of the present matter, Defendants attempt to use the alleged violation of the KUTPA as a defense to Nationwide's declaratory judgment action.  Nonetheless, Defendants have not made a compelling argument nor provided any authority to suggest that the KUTPA provides a private defense, where it clearly prohibits a private cause of action.  Instead, the only reasonable inference from the unambiguous declaration that the Commissioner has the sole duty to enforce the KUTPA is that private litigants may not rely on alleged violations of the KUTPA as a defense.  If the Defendants believe that Nationwide's non-renewal violated the KUTPA, the appropriate recourse is to report the alleged violation to the Commissioner's office.  Under current Kansas law, however, the outcome of a complaint to the Commissioner will not alter the effectiveness of the non-renewal in the present matter.  Because the Notice was effective to non-renew the Policy when it was mailed in June 2008, alleged violations of the KUTPA are immaterial to the outcome of this action.  Because the disputed facts raised by the Defendants are not essential to the outcome of this action, they are not material to the present matter.  Accordingly, Defendants' attempt to controvert facts regarding Nationwide's purported non-compliance with K.S.A. § 40-276a does not constitute a dispute of material fact that can preclude summary judgment.

Defendants also argue that the disputed facts regarding Nationwide's decision to non-renew the policy should result in an ineffective non-renewal and perpetual coverage.  Although Defendants point the Court to several cases that reach this conclusion in other jurisdictions, they provide no authority from Kansas that supports this proposition.  Indeed, the Kansas Supreme Court's decision in *Feldt* supports the opposite conclusion.  In *Feldt*, the court concluded that termination was effective at the time of mailing, and it did not consider whether the provisions of

K.S.A. § 40-276a were satisfied.  Clearly, if violations of K.S.A. § 40-276a resulted in perpetual coverage in Kansas, then disputes about the reason for non-renewal under K.S.A. § 40-276a would be "material" and preclude summary judgment.  But without any Kansas authority indicating that violations result in perpetual coverage, this Court will not adopt this position. Accordingly, this Court will not hold for the first time that violations of K.S.A. § 40-276a result in perpetual coverage under Kansas law.

**3.      Waiver**

Nationwide has established that, as a matter of law, the Notice effectively terminated the Policy, effective September 3, 2008.  Thus, they have met their burden under Rule 56 of the Federal Rules of Civil Procedure and are entitled to summary judgment.  Accordingly, the Court need not consider Nationwide's alternative contention that Defendants waived their rights under the Policy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 15) as to Plaintiff's request for a declaratory judgment is granted.

**IT IS FURTHER ORDERED** that Commercial Insurance Policy ACP BA 7290129992 was effectively non-renewed as of September 3, 2008, at 12:01 A.M local time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 19th day of March 2012.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:      All counsel